United States Bankruptcy Court
Eastern District of New York
_____

In re:                                              Case No. **18-43687-cec**

Choyling Pertab                                     Affirmation in Response
                                                          to
                  Debtor                            Order to Shoe Cause

_____

**Vivian M. Williams, Esq**., an attorney admitted in the Eastern District affirms and states as follows:

1. I am the attorney of record for the Debtor in the above-entitled matter, having entered an appearance on 8/13/2018, Docket No. 14.

2. This affirmation is submitted in response to the court's order to Show Cause dated 8/29/2018. Docket entry No. 26. The OSC was entered two days prior to my departure from the United States for an urgent and important personal matter from 9/1/18 through 9/15/2018.

## Essential Facts

3. The Debtor filed her Chapter 13 Petition on 6/26/2018, pro se. The Petition was filed without schedules. Further, there was a prior Chapter 13 filing under the case number 18-41083-cec, which was dismissed 04/16/18.

4. At the time of the filing of both cases referenced above, the Debtor was not known to counsel and as such the filings were not done by or following any review by counsel. However, subsequent to the Debtor's second bankruptcy filing, the Debtor met with counsel for a non-bankruptcy related matter.

5. It was during the course of an extensive interview process in relation to representation in the non-bankruptcy related matter that counsel discovered that the Debtor had a pending bankruptcy.

6. Counsel independently researched the Debtor's bankruptcy history to determine if there was any relevance to the separate matter he was addressing and discovered the two bankruptcy cases, one dismissed and the other pending. Moreover, it was discovered that no schedules were filed

in the pending case and the deadline for the filing of schedules was expiring which would have resulted in automatic dismissal of the case.

7. Counsel discussed the deficiencies of the pending case, the requirements of Chapter 13 and the possibility of a conversion to Chapter 7 or 11. Particularly, counsel recognized problems and Debtor faced in sustaining a Chapter 13 case and discussed these with the Debtor from the inception.

8. The Debtor indicated that she would consider the information, issues and options discussed with counsel. Counsel advised that a decision on how the Debtor intends to proceed should be made swiftly and the appropriate action taken.

9. As the deadline for the filing of the schedules was already upon the Debtor, counsel agreed to enter an appearance and help the Debtor file the required schedules. Counsel nevertheless, advised the Debtor of the need to promptly decide how she wanted to proceed with the matter.

10. While preparing the Debtor's schedules it was discovered from the information provided that the Debtor, based on the income and secured debts disclosed to counsel, does not have the disposable income required for a Chapter 13 filing in this case.

11. Again, counsel called the debtor and scheduled a consultation to discuss the problems with the Debtor's Chapter 13 case and the possible options available to the Debtor. Particularly, it was made clear to the Debtor that a Chapter 13 Plan cannot be prepared in good faith in the absence of disposable income and based on the information disclosed to counsel.

12. The Debtor again indicated that she will consider converting the Chapter 13 case but appeared hesitant. Counsel, nevertheless, attended the 341 Meeting and advised the Chapter 13 Trustee that the Debtor would likely file a motion to convert and counsel obtained an adjournment.

13. The Debtor however, has not up to the time of this filing, advised counsel of her decision to convert her Chapter 13 case or provided any new or additional information that could form the basis to sustain this Chapter 13 case in good faith.

14. Before, leaving the jurisdiction as stated above, counsel again sought to schedule an appointment with Debtor to discuss how she intends to proceed with this case but Debtor did not show up for the consultation.

15. Therefore, the situation is that I have no good faith basis in fact or law to move forward with a Chapter 13 case for this debtor and I have no authority up to this point to convert the case, an option I discussed with the Debtor.

16. Based on the facts disclosed to me at this time, I would NOT have advised that a Chapter 13 case be filed and surely, I would not have filed a Chapter 13 case for this Debtor.

17. My appearance in this case, has been to allow the Debtor who was pro se to benefit from the assistance of counsel and help the Debtor make an informed decision as to how she would proceed. I have since advised the Debtor as fully as I could, providing a detailed explanation as to why I cannot move forward with her Chapter 13 case, what needs to be done and provided for a Chapter 13 case to be sustained and alternatives to the current Chapter 13 filing. However, I have not been informed by the Debtor of a decision to pursue any of the options discussed with me or provided with good faith basis to take further action on behalf of the debtor in this case. Additionally, the information on the secured debts in this case that my independent research has revealed does NOT square with the information I obtained from the Debtor which makes the possibility of a good faith Chapter 13 case even more unlikely for the Debtor.

**WHEREFORE**, it is respectfully requested that the court takes no action with respect to its Order to Show Cause and that said order to show cause be dismissed or withdrawn.

Dated: New York, NY

Septembern17, 2018

     /s/ Vivian Williams             
Vivian M. Williams, Esq.
Attorney for Debtor
733 3rd Avenue, Fl. 16
New York, NY 10017
(212) 561-5312